T.C. Memo. 2006-224

UNITED STATES TAX COURT

RICHARD A. CLOWARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16460-05.                    Filed October 23, 2006.

Lowell E. Mann, for petitioner.

David A. Breen, for respondent.


MEMORANDUM OPINION

WELLS, Judge:  The instant matter is before the Court on petitioner's motion for reasonable administrative and litigation costs[1] pursuant to Rule 231[2] and section 7430.  The issue we must

_____

[1]Although petitioner titled the instant motion "MOTION FOR AWARD OF REASONABLE ADMINISTRATIVE COSTS", the attached list of costs includes both administrative and litigation costs.  We
                                                (continued...)

decide is whether petitioner was the prevailing party.  For the reasons stated below, we deny petitioner's motion for reasonable costs.

## Background

At the time of filing the petition in the instant case, petitioner resided in Trenton, New Jersey.  Vanya Tyrrell (Mrs. Tyrrell) prepared petitioner's 2002 Form 1040, U.S. Individual Income Tax Return (tax return).[3]

In the spring of 2005, respondent sent a letter to petitioner requesting that he submit documentation to support certain deductions claimed on his 2002 tax return.  This was the initial contact letter and did not provide petitioner an opportunity for administrative review with respondent's Office of Appeals.  Petitioner did not respond with the requested documentation.  Instead, petitioner's attorney, Lowell E. Mann (Mr. Mann), sent a letter protesting respondent's proposed

---

[1](...continued)
treat petitioner's motion as a motion for both administrative and litigation costs.

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

[3]Petitioner's tax return was one of approximately 175 tax returns that were prepared by Vanya Tyrrell and chosen for examination by respondent's Correspondence Examination Unit.  All such cases involve similar unsubstantiated deductions.  Lowell E. Mann represents the petitioners in all such cases and has filed virtually identical petitions for each such case.

adjustments and requesting that the case be transferred to respondent's Appeals Office. Because petitioner failed to submit the requested documentation substantiating the disputed deductions, respondent determined a deficiency of $750 in income tax for 2002 and sent petitioner a notice of deficiency on June 13, 2005.

Mr. Mann sent a letter to respondent requesting that respondent rescind the notice of deficiency. Respondent did not rescind the notice of deficiency, and petitioner timely filed his petition in this Court on September 6, 2005. Respondent filed his answer on October 25, 2005. By notice dated November 10, 2005, the instant case was placed on the April 3, 2006, calendar in Philadelphia, Pennsylvania.

On February 18, 2006, Ms. Tyrrell sent documentation to support the deductions in question to Mr. Mann, who forwarded it to respondent's Appeals officer. At the call of the instant case from the Philadelphia trial session calendar on April 3, 2006, the parties filed a stipulation of settled issues, which indicated respondent's concession and a reduced deficiency of $480. In the instant motion, petitioner now seeks $3,152.50 in administrative and litigation costs.

## Discussion

The prevailing party in a Tax Court proceeding may be entitled to recover administrative and litigation costs. See

sec. 7430(a); Rule 231.  However, a taxpayer will not be treated as the prevailing party if the Commissioner's position was substantially justified.  Sec. 7430(c)(4)(B); see Pierce v. Underwood, 487 U.S. 552, 565 (1988).  The fact that Commissioner concedes is not determinative of the reasonableness of Commissioner's position.  Wasie v. Commissioner, 86 T.C. 962, 969 (1986).  The taxpayer bears the burden of proving the elements in section 7430 required for an award of costs, except that the taxpayer will not be treated as the prevailing party if the Commissioner establishes that the position of the Commissioner was substantially justified.[4]  See Rule 232(e).

The Court determines the reasonableness of respondent's position as of the time respondent took respondent's position.  Sec. 7430(c)(7).  In the administrative proceeding here, respondent took a position as of the date of the notice of deficiency.  Sec. 7430(c)(7)(B).  In the judicial proceeding, respondent took a position when respondent filed respondent's answer.  Sec. 7430(c)(7)(A); Huffman v. Commissioner, 978 F.2d 1139, 1144-47 (9th Cir. 1992), affg. in part, revg. in part on other grounds and remanding T.C. Memo. 1991-144.  Respondent's administrative and litigation positions are substantially

---

[4]The elements of sec. 7430 other than those relevant to whether petitioner was the prevailing party are not discussed.

justified if they have a reasonable basis in both law and fact. <u>Maggie Mgmt. Co. v. Commissioner</u>, 108 T.C. 430, 443 (1997).

In the instant case, we conclude that respondent's position was both reasonable and substantially justified in both the administrative and judicial proceedings. Petitioner failed to provide the requisite documentation until after respondent issued the notice of deficiency and filed an answer. Deductions are a matter of legislative grace, and petitioner must prove he is entitled to the deductions. Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). In the absence of any proof of entitlement to the disputed deductions, respondent was reasonable to maintain his position that the disputed deductions were not allowed. <u>Prouty v. Commissioner</u>, T.C. Memo. 2002-175. It was not until February 18, 2006, that Ms. Tyrrell sent the documentation relating to the disputed deductions to Mr. Mann.[5] Respondent conceded the propriety of the deductions upon

---

[5]Respondent also contends that petitioner protracted the instant proceedings and is therefore ineligible for cost recovery. Sec. 7430(b)(3). Although we do not address that issue, since we have disposed of the instant motion on other grounds, we note that petitioner did not provide the required documentation to support his claimed deductions until less than 2 months before trial. Once in possession of the requested documentation, respondent presumably would have conceded the deductions at any point in the administrative or litigation process, as respondent ultimately did on the eve of trial after receiving the documentation. Consequently, petitioner forced an administrative proceeding and litigation, instead of a brief exchange of correspondence.

receipt of the documentation.  Accordingly, we hold that petitioner is not entitled to recover his administrative or litigation costs.

We have considered all of petitioner's contentions,[6] and, to the extent they are not addressed herein, they are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[6]This includes both arguments made in petitioner's motion and subsequent memorandum of law.